David Lopez, Esq.
(DL-6779)
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel: (631) 287-5520
Fax: (631) 283-4735
E-Mail: DavidLopezEsq@aol.com

CV-09 985

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 10 2009 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DEBORAH DONOGHUE,

    **Plaintiff,**

- against -

LODGENET INTERACTIVE CORPORATION,

    **Defendant.**

_____/

(SD) FEUERSTEIN, S

TOMLINSON, M

 

Plaintiff, by DAVID LOPEZ, ESQ., her attorney, complaining of the defendant, alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction over this action is conferred upon the court and arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(b) and Section 78aa, and other relevant sections. This action is not a collusive one intended to confer

jurisdiction of a cause upon a court of the United States over which it would not otherwise have cognizance.

2. Upon information and belief, and at all times hereinafter mentioned, LODGENET INTERACTIVE CORPORATION was and is a Delaware corporation with principal offices at 3900 West Innovation Street, Sioux Falls, South Dakota 57107-7002.

3. Upon information and belief, at all times hereinafter mentioned, the defendant's issued and outstanding shares of common stock were registered pursuant to Section 12(g) of the Securities Exchange Act of 1934 and were not exempted securities thereunder. The common stock of LODGENET INTERACTIVE CORPORATION is traded on the NASDAQ National Market System through market makers located within the State of New York. Services giving rise to the recovery to be recited herein were rendered in whole or in part within the State of New York and within the district.

4. At all times hereinafter mentioned, the plaintiff, DEBORAH DONOGHUE, was and still is an owner of common stock of the defendant.

5. At all times hereinafter mentioned the plaintiff's attorney, DAVID LOPEZ, ESQ., was and still is an attorney

engaged in the practice of law within the State of New York and within this district.

6. Upon information and belief at all times hereafter mentioned FRANK LAGRANGE JOHNSON was an insider of LODGENET INTERACTIVE CORPORATION, to wit: a beneficial owner of more than 10% of a class of equity security.

7. FRANK LAGRANGE JOHNSON sold 9,116 shares of the common stock of LODGENET INTERACTIVE CORPORATION on August 11, 2008.

8. FRANK LAGRANGE JOHNSON purchased larger numbers of shares of LODGENET INTERACTIVE CORPORATION common stock within six months of August 11, 2008, at prices lower than received for the shares sold as aforesaid.

9. Upon information and belief, FRANK LAGRANGE JOHNSON realized profits through his pecuniary interest in such transactions of $14,363.31, which were recoverable by LODGENET INTERACTIVE CORPORATION under the provisions of Section 16(b) of the Act.

10. Upon information and belief FRANK LAGRANGE JOHNSON failed to pay over such profits to LODGENET INTERACTIVE CORPORATION except as hereinafter described.

LODGENET INTERACTIVE CORPORATION and FRANK LAGRANGE JOHNSON were ignorant of their respective rights and obligations prior to the intervention of the plaintiff and of her counsel.

11. Pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934 the plaintiff, DEBORAH DONOGHUE, as a stockholder of LODGENET INTERACTIVE CORPORATION was authorized and empowered to investigate and to ascertain all transactions effected in its equity securities by officers, directors and more-than-10% beneficial shareholders of LODGENET INTERACTIVE CORPORATION for the purpose of determining whether any such transactions came within the purview of the statute; for the purpose of requesting the defendant to commence suit against any of its officers, directors or more-than-10% shareholders to seek recovery of any profits which they might have realized from their illegal transactions in the defendant's equity securities; and for the purpose of commencing suit against any such officers, directors or more-than-10% shareholders in the name and on behalf of the defendant to recover the short-swing profits realized by any of them in the event the defendant failed or refused to institute such action or failed diligently to prosecute

such suit thereafter.

12. Acting under the right and authority granted to her by the statute aforesaid, the plaintiff stockholder, DEBORAH DONOGHUE, retained the legal services of DAVID LOPEZ, ESQ. in a derivative capacity on behalf of the defendant herein to investigate the transactions effected in the defendant's securities by its officers, directors and more-than-10% shareholders to determine whether any of such transactions came within the purview of the statute; to determine and calculate the profits, if any, realized by such officers or directors or more-than-10% shareholders and the nature and extent of their statutory liability; to make proper statutory demand on the defendant requesting that it institute suit against any of its officers, directors or more-than-10% shareholders for the recovery of such statutory profits; to furnish the defendant with information as might be necessary or proper for the commencement and prosecution of such action; and to prepare all pleadings, proofs and papers necessary or proper for the commencement of such suit in the event the defendant failed or refused to institute such action or failed diligently to prosecute the same thereafter.

13. The plaintiff, DEBORAH DONOGHUE, agreed to pay a

fair and reasonable counsel fee to DAVID LOPEZ, ESQ. for his legal services rendered, contingent upon any benefits which the defendant might derive therefrom and contingent upon the defendant's reimbursing the plaintiff in the amount of such legal fees so incurred.

14.  The law firm of DAVID LOPEZ, ESQ. undertook to perform all legal services required pursuant to the aforesaid contingent retainer and after making a complete and exhaustive investigation into the law applicable thereto and after ascertaining that the retention of profits from transactions of FRANK LAGRANGE JOHNSON in the defendant's securities had been in violation of Section 16(b) of the Securities Exchange Act of 1934, and after computing and determining that FRANK LAGRANGE JOHNSON had realized profits which were recoverable by LODGENET INTERACTIVE CORPORATION in accordance with the applicable provisions of the statute aforesaid plaintiff, through her attorney, on October 24, 2008, made written demand, delivered the same day, upon the board of directors of LODGENET INTERACTIVE CORPORATION that it act to recover all short-swing trading profits of FRANK LAGRANGE JOHNSON realized through his trading in shares of LODGENET INTERACTIVE CORPORATION during periods of less than six months while an insider and

a fiduciary thereof.

15. In response thereto and as a result thereof LODGENET INTERACTIVE CORPORATION collected $14,363.31 from FRANK LAGRANGE JOHNSON.

16. Plaintiff's counsel has requested of LODGENET INTERACTIVE CORPORATION a fair and reasonable legal fee. The defendant, by means the letter of counsel dated February 5, 2009, has refused to make a reasonable payment.

17. Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to the defendant by plaintiff's attorney, DAVID LOPEZ, ESQ., and the defendant's subsequent actions taken pursuant thereto the defendant ratified and confirmed the right and authority granted by the statute to plaintiff, DEBORAH DONOGHUE, and to her attorney, DAVID LOPEZ, ESQ., to render the aforesaid services for and on behalf of the defendant herein.

18. Upon information and belief, the defendant has knowingly received, accepted and retained the benefits of the services rendered by plaintiff, DEBORAH DONOGHUE, through her attorney, DAVID LOPEZ, ESQ., and has realized a

gain or benefit in the amount of $14,363.31, more or less, which it would not otherwise have realized but for such services.

19. Plaintiff, DEBORAH DONOGHUE, is entitled to recover from the defendant a fair and reasonable fee for her attorney for services contingently undertaken and incurred in performing those services and in taking the steps which resulted in the creation of the fund for defendant's benefit in the amount of $14,363.31. Plaintiff, DEBORAH DONOGHUE, seeks no personal benefit but brings this action solely to recover the expenses contingently incurred by her in an amount of the reasonable value of the legal services rendered by her attorney, DAVID LOPEZ, ESQ., and solely for the purpose of paying for those services.

20. Upon information and belief, and in view of the amount of benefit conferred upon the defendant the fair and reasonable value of the legal services rendered in this matter is $3,600.00.00 or roughly 25% of the benefit received by LODGENET INTERACTIVE CORPORATION.

**WHEREFORE**, plaintiff demands:

1. Judgment against the defendant in the amount of $3,600.00 inclusive of out-of-pocket disbursements,

together with the costs of this action;

    2.  Such other, further and/or different relief as the court may deem just and proper.

Dated:  Southampton, New York
         March 10, 2009

                                    DAVID LOPEZ, ESQ.

                                    By: _____
                                    DAVID LOPEZ, ESQ.
                                    DL - 6779
                                    Attorney For Plaintiff